# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br>  v.<br>CHARLIE TRAN VO,<br>                          Defendant. | CASE NO. 12-cr-0169-BTM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO EXPUNGE RECORDS** |

By a motion and supporting declaration dated October 10, 2013 and received on December 31, 2013, Defendant asks the Court to expunge his records related to this case pursuant to 18 U.S.C. § 5021(b). (Doc. 87.) The Government responded on January 29, 2014, moving to dismiss Defendant's motion. (Doc. 89.) Defendant sent a reply thereafter, which the Court ordered filed nunc pro tunc to April 7, 2014. (Doc. 91.) For the reasons stated herein, the Court **DENIES** Defendant's motion.

## BACKGROUND

On or about December 19, 2011, Defendant was charged, by criminal complaint, with felony importation of 30.9 kg of cocaine and 29.7 kg of methamphetamine in violation of 21 U.S.C. §§ 952, 960. (Doc. 1.) The charges were later amended by superceding information. (Doc. 38.) Defendant subsequently pleaded guilty to conspiring to bring aliens into the

United States for private financial gain in violation of 18 U.S.C. § 371.  (Doc. 85.)  He was not convicted of a drug offense.  Lamenting the persistent stigma associated with criminal charges, and citing his post-conviction commendable conduct, he now asks that the Court expunge records of the drug offenses he was charged with but not convicted of.

## **DISCUSSION**

Defendant relies upon 18 U.S.C. § 5021—a statute that formerly provided for orders setting aside convictions of youthful offenders.  That statute was repealed in 1984 and is thus inoperative.  Defendant also points to 18 U.S.C. § 3607, which provides special probation and expungement procedures for first time offenders convicted of simple possession under 21 U.S.C. § 844.  While § 3607(c) does empower courts to expunge the record of such a conviction where the defendant was under age 21 at the time of the offense, that statute is inapplicable here because Defendant was never even charged with a § 844 violation, and he was over age 21 at the time of the offense.  (Docs. 1, 85.)

While the Court holds a degree of inherent authority to order expungement, it may only exercise that power to prevent a manifest injustice, e.g., where a defendant shows that he was subject to an unlawful arrest or conviction, or where there has been a clerical error.  See United States v. Crowell, 374 F.3d 790, 792-94 (9th Cir. 2004) (noting that a motion to expunge "requests the judicial editing of history."); United States v. Sumner, 226 F.3d 1005, 1014 (9th Cir. 2000).  "[E]ven where a conviction has been held unlawful and vacated, expungement remains a 'narrow, extraordinary exception,' one 'appropriately used only in extreme circumstances.'"  Crowell, 374 F.3d at 796 (9th Cir. 2004) (citation omitted).

Furthermore, even assuming the Court has ancillary jurisdiction and authority to expunge the criminal complaint and related records, the Court

would not do so on these facts.  Defendant has not demonstrated that he suffers any hardship attributable to the drug charges as opposed to the felony conviction.  And collateral employment consequences of the sort complained of here are generally "insufficient to warrant relief."  See United States v. Vasquez, 74 F. Supp. 2d 964, 968 (S.D. Cal. 1999).

## CONCLUSION

For the reasons stated, the Court finds that Defendant is not eligible for the extraordinary relief of expungement.  The Court accordingly **ORDERS** that Defendant's Motion to Expunge Records is **DENIED**.

**IT IS SO ORDERED.**

DATED: July 7, 2014

Barry Ted Moskowitz
Chief United States District Judge